In the Matter of ROBERT B. MANTELL et al., Petitioners, *v.* BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Respondents.

Supreme Court, Erie County, June 19, 1962.

*McDonough, Boasberg, McDonough & Beltz (Charles J. McDonough* of counsel), for petitioners. *Elmer S. Stengel, Corporation Counsel (Clarence S. Wertheimer* of counsel), for respondents.

WILLIAM B. LAWLESS, JR., J. Petitioners seek an order of this court directing respondents to restore them to their positions as painters for the Board of Education of the City of Buffalo, New York, and to order payment of their salaries from March 1, 1962, the date of their alleged illegal suspension.

Petitioners were suspended from their employment as painters in the competitive class of civil service in the Board of Education of the City of Buffalo, on March 1, 1962, due to lack of funds in the board. Petitioners concededly have seniority in point of service in the Board of Education over five other painters who were formerly employed by the Buffalo Municipal Housing Authority. The former Housing Authority employees, however, were later employed by the Board of Education and have been retained in service by the Board of Education as senior to petitioners because they have earlier dates of original appointment to their positions as painters for the Housing Authority.

The question for decision is whether, when the present Civil Service Law was amended (L. 1958, ch. 790), effective April 1, 1959, and section 80 replaced section 31 of the former Civil Service Law, the Buffalo Municipal Housing Authority and the Board of Education of the City of Buffalo became separate " governmental jurisdictions " in the City of Buffalo within the meaning of section 80 of the Civil Service Law. This is a case of first impression under section 80.

Section 80 provides, in part, that such suspension: " shall be made in the inverse order of original appointment on a permanent basis in the competitive class in the service *of the governmental jurisdiction in which such abolition or reduction of positions occurs* " (Civil Service Law, § 80, subd. 1; emphasis supplied).

Reading the old and new sections side by side, we see that the words " in the service " of section 31 were supplemented in subdivision 1 of section 80, by adding " in the service of the governmental jurisdiction in which abolition or reduction of positions occurs." Petitioners argue that the words " governmental jurisdiction ", in this case, mean the Board of Education only and,

therefore, the five other painters should not have been given credit for their prior employment in the Buffalo Municipal Housing Authority.

Petitioners argue further that subdivision 1 of section 80 also significantly provides: " that the date of original appointment of any such incumbent who was transferred to such governmental jurisdiction from another governmental jurisdiction *upon the transfer of functions* shall be the date of original appointment on a permanent basis in the competitive class in the service of the governmental jurisdiction from which such transfer was made." (Emphasis supplied.)

Petitioners contend from the above addition that since there was no transfer of functions from the Municipal Housing Authority to the Board of Education when the five former Housing Authority painters were given employment, they may not be credited for prior service in the Housing Authority.

Respondents contend that when the present Civil Service Law was amended after careful study by the Preller Committee, it was not the intent of the Legislature to make any radical change in the procedures followed under former section 31. (It is clear that under section 31, service in the Board of Education would be credited by a city as city service for the purpose of determining seniority. See *Schaefer* v. *Rathman,* 237 App. Div. 491, affd. 262 N. Y. 492.)

The Civil Service Law recognizes a " State Service " which includes all offices and positions in the civil service of the State, a " City Service " which includes all offices and positions in the civil service of a city, and the " Service of a Civil Division " which includes all offices and positions in the civil service of any subdivision of the State, and the term " Civil Division " includes within its meaning a city (Civil Service Law, § 2, subds. 6, 7, 8).

In *Schaefer* v. *Rathman (supra)* the Court of Appeals held that for the purpose of construing the word " service " in section 31 of the Civil Service Law, service under the Buffalo Board of Education may be considered Buffalo city service in spite of the fact that the Board of Education was established by State law and exercised exclusive control of public education within the city. (Education Law, art. 33-A.)

We do not believe that the addition of the words " of the governmental jurisdiction in which such abolition or reduction of positions occur " was intended to alter the case law principle stated in the *Schaefer* decision. We therefore define " governmental jurisdiction " to mean in this case " in the service of the

City of Buffalo and those agencies which exist to serve the City of Buffalo, including the Buffalo Municipal Housing Authority." We conclude that service in the Housing Authority and service in the Board of Education are service in the city service.

We note that the Civil Service Law defines " City Service " to embrace all offices and positions *in the civil service of any city.* This interpretation of subdivision 1 of section 80 squares with paragraph 1 of section 32 of the Public Housing Law, which provides: that the Housing Authority may employ individuals " subject to the provisions of the civil service law applicable to the *municipality in which it is established.*" (Emphasis supplied.)

If this court were to give the language of section 80 of the Civil Service Law the meaning urged by petitioners, it would be impossible to transfer personnel between the various municipal departments, agencies and authorities and to preserve credit therefor to employees in the city service. We believe that if the State Legislature had contemplated such a radical departure from the procedures established under section 31, the Legislature would have done so in explicit language.

The Report of the Temporary State Commission on Revision of the Civil Service Law (Preller Commission) dated March 31, 1956 (N. Y. Legis. Doc., 1956, No. 61, p. 82) contains explanatory notes concerning section 80 of the Civil Service Law, as follows: " NOTE — Subd. 1. The provisions of former § 31 relating to suspension or demotion of employees for reasons of economy are continued with the following modifications: *The words ' original appointment in the service ' are modified to read ' original appointment on a permanent basis in the competitive class in the service of the governmental jurisdiction in which such abolition or reduction of positions occurs '. A new provision is added that the date of original appointment of any employee who is transferred to his present position upon a transfer of functions from another jurisdiction, department or agency, shall be the date of his original appointment on a permanent basis in the competitive class in the service of the governmental jurisdiction from which such transfer was made.* A new provision is added that employees who have not completed their probationary service shall be suspended or demoted before any employee who has completed his probationary service is suspended or demoted." (Emphasis supplied.)

It is apparent that the modification of section 31 was not intended to be as broad as petitioner urges. For the reasons indicated, the petition is dismissed, without costs.